707 P.2d 517

**ROCKWELL INTERNATIONAL CREDIT CORPORATION, Plaintiff, Respondent, Cross-Appellant,**

v.

**VALLEY BANK, an Idaho Corporation, Defendant, Appellant, Cross-Respondent.**

**No. 15726.**

Court of Appeals of Idaho.

Oct. 4, 1985.

Stephen A. Meikle, Idaho Falls, for defendant, appellant, cross-respondent.

Charles A. Homer, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiff, respondent, cross-appellant.

BURNETT, Judge.

We are asked to determine the priority of competing security interests in collateral moved from one state to another. The district court ruled that a security interest held by Rockwell International Credit Corporation was prior to a security interest held by Valley Bank. For reasons explained below, we reverse.

The facts are undisputed. Valley Bank has a general security interest in "all equipment" of a debtor known as Curtis Press. Rockwell International Credit Corporation has a purchase money security interest in a particular item of equipment acquired by the debtor. Both security interests were duly perfected in Idaho. The instant controversy arose after the debtor moved the equipment to Wyoming and then defaulted in the obligations owed to both creditors.[1]

The Uniform Commercial Code, as amended in 1972, has been adopted in both Idaho and Wyoming. U.C.C. § 9–103(1)(d), codified at I.C. § 28–9–103(1)(d) and at Wyo.Stat. § 34–21–903(a)(iv), provides in pertinent part as follows:

(d) When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but if action is required by part 3 of this chapter to perfect the security interest,

(i) if the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four (4) months after the collateral is brought into this state, whichever period first expires, the security interest becomes un-

---

1. The debtor ultimately filed a petition in bankruptcy. The trustee abandoned the collateral and the bankruptcy court's initial stay order was lifted. The parties argued this case, on appeal and in the district court, upon the theory that the bankruptcy did not affect the operation of state law in determining the priority of security interests. We will decide the case accordingly.

perfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal; ...

In this case, the Wyoming statute required Rockwell and Valley Bank to reperfect their security interests within four months after the collateral entered that state. For reasons not germane here, neither creditor did so. After this period had expired, Valley Bank located the equipment and reperfected its security interest by taking possession of the collateral. *See* U.C.C. § 9–305. Rockwell then belatedly reperfected its security interest by filing a continuation statement with the Wyoming Secretary of State. When Rockwell asked Valley Bank to relinquish the equipment, the bank declined. This litigation ensued.

Ordinarily, a purchase money security interest, such as that held by Rockwell, would enjoy priority over the general security interest in "all equipment" held by Valley Bank. *See* U.C.C. § 9–312(4). But when collateral moves across state lines, it puts security interests at risk. As recited in U.C.C. § 9–103(1)(d), if a security interest is not reperfected within four months, it *"becomes unperfected* at the end of that period *and* is *thereafter deemed to have been unperfected* as against a person who became a *purchaser* after removal...."* (Emphasis added.)

Here, the parties have devoted much effort to debating whether Valley Bank was a "purchaser" as to whom Rockwell's security was "deemed to have been unperfected...." The district court treated this as the dispositive question in this case. The court held that although secured creditors could be "purchasers" under the statute, Valley Bank was not such a "purchaser" in Wyoming because it had already acquired its lien against the collateral in Idaho. Therefore, concluded the court, Rockwell retained its priority against Valley Bank.[2]

2. The court allowed Valley Bank a modest recovery from Rockwell for expenses relating to care of the collateral. Rockwell initially cross-

■ However, we think the court's reasoning misapprehends the plain language of the statute. As we read section 9–103(1)(d), failure to reperfect within four months carries two distinct consequences. First, the security interest "becomes unperfected" at the end of the four-month period. Second, it is "deemed to have been unperfected" during the same period as against any person who became a "purchaser" after the collateral was moved. These consequences are textually joined by the conjunctive term "and". The first consequence is prospective; the second is retroactive. If a security interest is not reperfected within four months, the first consequence is that it becomes unperfected in the future as against the claims of all other secured creditors, regardless of whether they are "purchasers." It remains unperfected until reperfection occurs. The second consequence is that the security interest also is deemed to have been unperfected as against the claims of "purchasers" during the elapsed four-month period. The second consequence cannot be obviated by tardy reperfection. *See generally* J. WHITE & R. SUMMERS, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE, § 23–18(C) (2d ed. 1980).

■ The first consequence governs this case. When Rockwell failed to reperfect within four months, its security interest became unperfected not merely as to "purchasers" but as to any holder of a competing security interest. Valley Bank held such an interest. Of course, its interest, like Rockwell's, had become unperfected by operation of section 9–103(1)(d). But Valley Bank thereafter was the first to reperfect its interest, doing so by taking possession of the collateral before Rockwell filed with the Secretary of State. Valley Bank's actual knowledge of Rockwell's perfected security interest in Idaho did not relieve Rockwell of its statutory duty to refile in Wyoming. *United States v. Handy and*

appealed from this part of the judgment but later abandoned the cross-appeal at oral argument.

*Harman,* 750 F.2d 777 (9th Cir.1984). *See In re Miller,* 14 U.C.C.Rep.Serv. 1042 (Bankr.D.Or.1974). Valley Bank, in essence, won the reperfection race and in so doing, it elevated its security interest from a subordinate position to a superior one.

The judgment of the district court is reversed. Costs to appellant, Valley Bank. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.